IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE: MINH VU HOANG AND THANH HOANG | : | |
| _____ | : | |
| MINH VU HOANG<br>　　Appellant | : | |
| v. | : | Civil Action No. DKC 13-2624 |
| GARY A. ROSEN<br>　　Appellee | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

On January 17, 2012, Appellee Gary A. Rosen, the chapter 7 trustee in the underlying bankruptcy case, commenced the adversary proceeding from which this appeal arises against MV General Partnership and its resident agent, Thieny, LLC ("Thieny"), as part of an ongoing effort to recover estate property fraudulently concealed by Debtor Minh Vu Hoang. The trustee alleged in the complaint that Debtor had "caused thousands of dollars of monies controlled and owned by the Bankruptcy Estates [of Minh Vu Hoang and her husband, Thanh Hoang] . . . to be utilized to facilitate the settlement of a foreclosure and subsequent encumbrance of a parcel of property known as 1222 Spruce Avenue, Shady Side, Maryland 20764[.]" (Bankr. Case No. 12-00056, ECF No. 1, at 3). According to the complaint, the property was purchased at a foreclosure sale on March 23, 2004, by MV General Partnership for the amount of

$110,000.00.  Citing an attached wire transaction detail report and bank statement – which shows that the settlement amount of $99,065.13 was wired from the Law Offices of Craig Parker from an account associated with Debtor – the trustee alleged that the purchase funds were, in fact, property of the bankruptcy estate. Thus, he sought a declaration that Spruce Avenue was estate property; the imposition of a constructive trust; a declaration that MV General Partnership had no legal right, title, or interest in the property, and that the trustee was entitled to dominion and control; a declaration that a deed of trust to Thieny was null and void; and an order directing turnover of the property and authorizing the trustee to sell it.

Thieny and MV General Partnership were served with the complaint, but failed to respond, and the bankruptcy clerk entered default against them on July 16, 2012, and February 13, 2013, respectively.  The trustee moved for default judgment on February 15, and default judgment was entered against both defendants on March 26.

On April 29, 2013, Debtor, proceeding *pro se* as an intervenor, filed a motion to dismiss the adversary complaint pursuant to Fed.R.Civ.P. 12(b)(6).  By an order entered August 12, the bankruptcy court denied the motion as moot, explaining that "[a] motion to dismiss after a final judgment has been entered is not the appropriate vehicle to set aside a judgment."

(ECF No. 1-2, at 2). On August 26, Debtor noted this appeal from the denial of her motion to dismiss, concomitantly filing in the bankruptcy court an application for leave to proceed *in forma pauperis*, which was subsequently transmitted to this court (ECF No. 10).

Appellant's form application for leave to proceed *in forma pauperis* demonstrates that she is impecunious. Accordingly, the petition will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), where a litigant is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious[.]" "An appeal is frivolous when the result is obvious or the arguments of error are wholly without merit." *Dostert v. Harshbarger*, 929 F.2d 692, 1991 WL 43235, at *1 (4th Cir. 1991) (Table) (citing *In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989)).

The instant appeal is clearly frivolous. Without question, a motion to dismiss a complaint filed after a final judgment has been entered is properly denied as moot, as the bankruptcy court determined. Moreover, Appellant's argument to the contrary, presented in her appellate brief (ECF No. 5), is wholly inapposite, as it fails to address the basis of the bankruptcy court's decision.

Accordingly, it is this 28th day of October, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. The amended application for leave to proceed *in forma pauperis* filed by Appellant Minh Vu Hoang (ECF No. 10-1) BE, and the same hereby IS, GRANTED;

2. The instant appeal BE, and the same hereby IS DISMISSED, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

3. The motion for extension of time filed by Appellee Gary A. Rosen (ECF No. 9) BE, and the same hereby IS, DENIED AS MOOT; and

4. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Appellee and directly to Appellant and CLOSE this case.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge